UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60336-CIV-ZLOCH

CAROLYN FENNER, and
STEPHEN FENNER,

    Plaintiffs,

vs.                                **FINAL ORDER OF REMAND**

TARGET CORPORATION,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Motion For Permissive Joinder, Leave To File Amended Complaint, And Remand Of Action To State Court (DE 9). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiffs Carolyn Fenner and Stephen Fenner initiated the instant action in the Seventeenth Judicial Circuit, Broward County, Florida. Defendant Target Corporation timely filed a Notice Of Removal (DE 1) to this Court wherein it alleged that this action would otherwise properly be brought in federal court because the action is between citizens of different states. 28 U.S.C. § 1332(1) (2006). Defendant later filed an Amended Notice Of Removal (DE 4) that properly alleged the citizenship of the Parties such that this Court has subject matter jurisdiction over the case. Specifically, the Amended Notice Of Removal alleges that Plaintiffs are citizens of Florida and Defendant Target Corporation is a citizen of Minnesota, given that it is organized under the laws of Minnesota and has its principal place of business in Minnesota.

    In the instant Motion (DE 9), Plaintiffs seek leave to amend

their Complaint to add as a Defendant AAA Wheelchair Wagon Service, Inc. (hereinafter "AAA").  Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Supreme Court has held that district courts are required to grant such leave to amend in the absence of reasons for denial such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).  Therefore, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981), cited in Epsey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984).  The Court notes that no substantial reason exists for the denial of Plaintiff's Motion (DE 9).

Plaintiff alleges that AAA is a corporation organized under the laws of Florida.  Because Plaintiff is also a citizen of Florida, the addition of AAA destroys diversity and divests this Court of its subject matter jurisdiction over the case.  Therefore, the Court shall grant the instant Motion, permitting the addition of AAA as a Party Defendant, and remand the above-styled cause to state court.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

2

    1. Plaintiffs' Motion For Permissive Joinder, Leave To File Amended Complaint, And Remand Of Action To State Court (DE 9) be and the same is hereby **GRANTED**;

    2. Plaintiffs' Amended Complaint (DE 9) is hereby deemed timely filed;

    3. The above-styled cause be and the same is hereby **REMANDED** to state court;

    4. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 08-60327 CA 05 (EADE); and

    5. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_\_30th\_\_\_ day of April, 2009.

    _____
    WILLIAM J. ZLOCH
    United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No.  08-60327 CA 05 (EADE)

3